

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable S. S. Arnold
County Attorney
Robert Lee, Texas

Dear Sir:

> Opinion No. ____
> Re: In complaints filed for
> liquor violations under
> Section 23, Texas Liquor
> Control Act, should it be
> necessary to state in what
> election the town in ques-
> tion was voted dry?

Your request for an opinion on the above question has been received.

We quote from your letter as follows:

"In view of the fact that one clause in the above Sec. 23 of said act, reads as follows, 'The trial Courts of this State shall take judicial notice of the status of wet and dry areas as herein defined in any criminal prosecution.'

"Do you think it necessary to allege in complaints and informations for violations of said act, the holding of an election and result thereof, where in fact the offense is committed in a dry area? and should such proof be made where the offense is possession of alcoholic beverage in a dry area? It occurs to me that in view of the above clause in the law such allegations and proof is unnecessary, however I would like to have your opinion on the subject."

In Baldridge vs. State, 106, S. W. (2d), at page 700, Judge Morrow, presiding Judge of the Court of Criminal Appeals of Texas, says:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. S. Arnold, page 2

"Bill of exception No. 1 complains of the action of the court in overruling the appellant's motion for an instructed verdict of not guilty based upon the ground that the state failed to make out a case as charged against appellant by reason of the fact that there is no proof that Wise county was a 'dry area' at the time of the commission of the offense. Our examination of the record fails to reveal any evidence to the effect that a local option election was ever held in Wise County, or the result of such election, or that the result was declared and the declaration published. The decisions of this court are unanimous to the effect that in a conviction for violation of the local option law (Vernon's Ann. P. C. art. 666-23) the proof must show that local option was in force in the county mentioned in the indictment. See Cunningham v. State (Tex. Cr. App.) 102 S. W. (2d) 413; Stewart v. State (Tex. Cr. App.) 102 S. W. (2d) 416; Humphreys v. State (Tex. Cr. App.) 99 S.W. (2d) 600; Green v. State (Tex. Cr. App.) 101 S. W. (2d) 241."

It is our opinion that in a complaint for violation of the Texas Liquor Control Act in a dry area the State should allege and prove the holding of an election and result thereof, that the result of such election was declared and the declaration published as provided by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Fred Chandler*

Fred Chandler
Assistant

APPROVED APR 3, 1945

FC:zd


APPROVED
OPINION
COMMITTEE
BY BWB